**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113347

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| David Alm, <br><br> Plaintiff, <br><br> vs. <br><br> Professional Claims Bureau, Inc., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

David Alm (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Claims Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff David Alm is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Professional Claims Bureau, Inc., is a New York with a principal place of business in Nassau County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 18, 2017. (**Exhibit 1.**")

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. In its efforts to collect the debt, Defendant also contacted Plaintiff by telephone on April 26, 2017.

18. Defendant called both Plaintiff's cellular telephone and Plaintiff's home telephone.

19. The telephone calls are "communications" as defined by 15 U.S.C. § 1692a(2).

20. An employee of Defendant left a voicemail ("the Voicemail") on Plaintiff's cellular telephone.

21. The Voicemail is a "communication" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

23. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

24. The Letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

25. Defendant violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

28. The Letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

29. Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31. 15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. The Letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

33. Defendant violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692c(b)
### UNLAWFUL THIRD-PARTY COMMUNICATION

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. The April 26, 2018 Voicemail was left by an employee of Defendant.

36. In the Voicemail, Defendant's employee identified himself by first name.

37. The Voicemail stated that the call was from "PCB."

38. The Voicemail stated that Defendant was calling on behalf of St. Catherine of Sienna hospital.

39. The Voicemail stated that it was an attempt to collect a debt and that any information obtained would be used for that purpose.

40. The Voicemail was played over the audio system of Plaintiff's car.

41. Plaintiff's sister was in the car and heard the Voicemail.

42. Plaintiff's sister was not aware of the Debt.

43. Defendant left a materially identical message on Plaintiff's home answering machine.

44. Plaintiff never gave Defendant consent to communicate with any third party in connection with the collection of the Debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45. Plaintiff did not give Defendant express permission to leave the Voicemail on his cellular telephone.

46. Plaintiff did not give Defendant express permission to leave a message on his home answering machine.

47. Defendant's conduct invaded the privacy protections afforded to the Plaintiff through the FDCPA.

48. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

49. Plaintiff lives with his two sisters, including the sister who heard the Voicemail in Plaintiff's car.

50. Plaintiff's sisters generally rely, in part, on Plaintiff's financial assistance.

51. Plaintiff's parents are deceased and, as such, Plaintiff takes seriously his role in assisting the family.

52. Plaintiff did not want his sisters to know that he was experiencing financial issues.

53. Defendant's Voicemail caused Plaintiff substantial embarrassment and humiliation.

54. Defendant's actions, as described herein, violate 15 U.S.C. § 1692c(b).

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

DATED: April 20, 2018

                **BARSHAY SANDERS, PLLC**

                By: \_/s/ *Craig B. Sanders*_____
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiff*
                Our File No.: 113347

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530